Treanor v Treanor (2021 NY Slip Op 08276)





Treanor v Treanor


2021 NY Slip Op 08276


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-03741
 (Index No. 51515/18)

[*1]Stephanie Treanor, appellant,
v
Adam Treanor, respondent.


McCarthy Fingar LLP, White Plains, NY (Dolores Gebhardt and Sondra Miller of counsel), for appellant.
Lieberman LeBovit, PLLC, Yorktown Heights, NY (Cali A. Lieberman and Mitchell P. Lieberman of counsel), for respondent.
Most & Schneid, White Plains, NY (Carol Most of counsel), attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Susan M. Capeci, J.), dated March 9, 2020. The order, insofar as appealed from, granted those branches of the defendant's motion which were to find the plaintiff in violation of the court's directives to participate in an updated forensic evaluation, and to impose the sanction of drawing an adverse inference against the plaintiff regarding custody issues at the time of trial.
ORDERED that the order is modified, on the law, by deleting the provision thereof imposing the sanction of drawing an adverse inference against the plaintiff regarding custody issues at the time of trial, and substituting therefor a provision imposing the sanction of drawing an adverse inference against the plaintiff as to the circumstances of the forensic evaluation at the time of trial; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
Several months after the commencement of this action for a divorce and ancillary relief, the Supreme Court appointed a neutral forensic evaluator, who completed a forensic evaluation of the parties and their three children. In an order dated June 7, 2019, the court reappointed the forensic evaluator in order to conduct an update to the original forensic evaluation.
Upon the defendant's motion for an order of preclusion, the Supreme Court found that the plaintiff intentionally violated its directives to participate in the updated forensic evaluation, and imposed the sanction of drawing an adverse inference against the plaintiff with respect to custody issues at the time of trial. The plaintiff appeals.
The Supreme Court properly determined that the plaintiff intentionally violated its directives to participate in the updated forensic evaluation (see El-Dehdan v El-Dehdan, 114 AD3d 4, 15, affd 26 NY3d 19). Under the circumstances of this case, however, the court improvidently exercised its discretion in imposing the sanction of drawing an adverse inference against the plaintiff regarding all custody issues at the time of trial on the ground that she failed to participate in the [*2]updated forensic evaluation rather than limiting the adverse inference to the circumstances of the forensic evaluation (see McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1096; Matter of Montoya v Davis, 156 AD3d 132; Matter of Timmia S. [Timmie S.], 111 AD3d 838).
The plaintiff's remaining contention is not properly before this Court.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court