Sukul v Sukul (2021 NY Slip Op 04506)





Sukul v Sukul


2021 NY Slip Op 04506


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-13189
 (Index No. 149/10)

[*1]Jillian Sukul, appellant, 
v
Yudhister Sukul, respondent.


Salvatore C. Adamo, New York, NY, for appellant.
Donald T. Rollock, Mineola, NY, for respondent.
Linda S. Morrison, Patchogue, NY, attorney for the children.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered April 17, 2012, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated September 4, 2019. The order, insofar as appealed from, after a hearing, granted that branch of the defendant's motion which was, in effect, to modify the custody provisions of a stipulation of settlement dated October 24, 2011, which was incorporated but not merged into the judgment of divorce, so as to award him sole legal and physical custody of the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1984 and are the parents of two minor children, one born in November 2004 and the other born in January 2009. In 2010, the mother commenced this action for a divorce and ancillary relief. In a stipulation of settlement dated October 24, 2011, which was incorporated but not merged into the parties' judgment of divorce entered April 17, 2012, the parties agreed, inter alia, that the mother would have sole legal and physical custody of the children, with parental access to the father. The stipulation also provided that if either party moved the residence of either child beyond a radius of 75 miles from their present residence, the parties had to "confer and enter into . . . fair and equitable revisions" of the parental access provisions in the stipulation.
In March 2015, the father moved, among other things, for a temporary restraining order enjoining the mother from relocating with the children out of New York State based upon her plans to move with the children to Texas. The Supreme Court granted the father's motion to the extent of enjoining the mother from moving with the children to Texas "or beyond 75 miles from the children's present residence." However, in December 2016, the mother moved with the children out of state to Georgia. Thereafter, the father moved, inter alia, to have the children returned to New York and, in effect, to modify the custody provisions of the stipulation so as to award him sole legal and physical custody of the children. The father alleged that the mother relocated with the children without consulting him beforehand or informing him where she was taking the children. In an order dated September 4, 2019, made after a hearing, the court, among other things, granted that branch of the father's motion which was, in effect, to modify the stipulation so as to award him sole legal [*2]and physical custody of the children. The mother appeals.
"'Modification of a court-approved stipulation setting forth terms of custody or [parental access] is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the best interests and welfare of the child'" (Walter v Walter, 178 AD3d 991, 992, quoting Greenberg v Greenberg, 144 AD3d 625, 629). "Parental alienation of a child from the other parent, including willful interference with his or her [parental access] rights, is 'an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent'" (E.V. v R.V., 165 AD3d 736, 737, quoting Entwistle v Entwistle, 61 AD2d 380, 384-385). "Inasmuch as custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings in this regard" (R.K. v R.G., 169 AD3d 892, 894), and "[t]he court's findings will not be disturbed unless they lack a sound and substantial basis in the record" (id. at 894; see Eschbach v Eschbach, 56 NY2d 167, 173-174).
Here, evidence was presented at the hearing to support a finding that the mother absconded with the children to Georgia, without the knowledge and consent of the father, and in violation of the court order enjoining her from moving with the children "beyond 75 miles from the children's present residence" (see Matter of Anthony G. v Stephanie H., 189 AD3d 615; Matter of Wagner v Villegas, 162 AD3d 677, 678). Although the mother initially claimed that she informed the father over the phone of her plan to move with the children to Georgia and he told her "it was cool," she later acknowledged that she did not tell the father she moved to Georgia or provide him with an address and that the father texted one of the children after the move to find out "where [they] lived." Moreover, the mother testified that she should be entitled to relocate with the children out of New York State despite the court order because "[t]his is a free country." The mother also stated that the father is "no good" and she did not believe he should ever see the children. By contrast, the father testified that if he were awarded sole custody of the children, he "would ensure they spend time with [the mother]." Thus, the evidence presented at the hearing established that the mother acted to alienate the children from the father, and that the father was more willing than the mother to maintain contact between the children and the other parent (see E.V. v R.V., 165 AD3d at 738).
Accordingly, the Supreme Court's determination that there had been a change in circumstances such that it was in the children's best interests to award sole legal and physical custody to the father has a sound and substantial basis in the record and will not be disturbed.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court