Baraz v Polyakov (2021 NY Slip Op 05684)





Baraz v Polyakov


2021 NY Slip Op 05684


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-09137
 (Index No. 52074/12)

[*1]Marina Baraz, etc., respondent,
v
Vladimir Polyakov, appellant.


Vladimir Polyakov, Brooklyn, NY, appellant pro se.
Yonatan S. Levoritz, New York, NY, for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated February 15, 2013, the defendant appeals from an order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated November 9, 2020. The order, in effect, granted the plaintiff's motion to modify the custody provisions of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, so as to prioritize educational activities over sports.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was to limit the child's participation in sports to local activities, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The parties, who have one child together, were divorced by judgment dated February 15, 2013. The judgment incorporated, but did not merge, a stipulation of settlement dated August 23, 2012. The judgment of divorce provided that the parties would have joint decision-making authority with regard to the child and that the plaintiff would have residential custody. The stipulation of settlement provided that the parties would each have final decision-making authority over different aspects of the child's life, including, as relevant here, that the defendant would have final decision-making authority with respect to sports activities, and that the plaintiff would have final decision-making authority over "educational decisions."
In August 2020, the plaintiff moved to modify the custody provisions of the stipulation of settlement so as to provide that the child's educational activities would take precedence over his participation in extracurricular activities, including sports. In an affidavit in support of her application, the plaintiff acknowledged that the child "love[d]" sports, and she "agree[d]" with the defendant that the child should attend "his hockey activities." However, because of an allegedly intractable dispute with the defendant as to how to balance the child's various activities, she sought an order providing that, if there was "a conflict between hockey and [the child's] education, his education must prevail." After hearing extensive oral argument, the Supreme Court, in an order dated November 9, 2020, in effect, granted the plaintiff's motion. The defendant appeals.
Modification of a court-approved stipulation setting forth the terms of custody is [*2]permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child (see Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d 640, 641; Matter of Gaudette v Gaudette, 262 AD2d 804, 805). "In determining the child's best interests, the court must look to the totality of the circumstances" (Greenberg v Greenberg, 144 AD3d 625, 629 [internal quotation marks omitted]).
Here, the stipulation of settlement provided that the plaintiff had decision-making authority over educational issues and that the defendant had decision-making authority over sports, among other activities. The parents did not dispute that, as the child grew older, they could not resolve conflicts that arose, with increasing frequency, as a result of their competing views of how to best balance the child's various educational and extracurricular activities. This constituted a change in circumstances that was sufficient to warrant modification of the existing division of decision-making authority (see Matter of Zall v Theiss, 144 AD3d 831, 832).
Moreover, modification of the stipulation of settlement to explicitly prioritize educational activities over sports activities had a sound and substantial basis in the record and was in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 174; cf. Weisberger v Weiberger, 154 AD3d 41, 55-56). The provision of the order appealed from that required that all of the child's sport activities "remain local," however, went further than was necessary to ameliorate the parents' central conflict, and, given the assertions of both parents that the child enjoyed participating in a travel hockey program, was not in the child's best interests.
Accordingly, we modify the order.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court