Matter of Burke v Squires (2022 NY Slip Op 00861)





Matter of Burke v Squires


2022 NY Slip Op 00861


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-08095 
2020-08096
 (Docket Nos. V-5162-11/18Q/18S/19T, V-6358-11/18R/18T/19U)

[*1]In the Matter of Joy Burke, respondent,
v
Darryl Squires, appellant. (Proceeding No. 1)
In the Matter of Darryl Squires, appellant,Joy Burke, respondent. (Proceeding No. 2)


Susan A. DeNatale, Bayport, NY, for appellant.
Darla A. Filiberto, Islandia, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Suffolk County (Paul M. Hensley, J.), dated October 15, 2020, and (2) an order of the same court, also dated October 15, 2020. The order, insofar as appealed from, after a hearing, in effect, denied the father's petition to modify a so-ordered stipulation dated June 27, 2016, so as to award him sole custody of the parties' child.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the unmarried parents of one child, born in 2011. Prior custody proceedings resulted in a so-ordered stipulation of settlement dated June 27, 2016 (hereinafter the stipulation), awarding the parties joint legal custody, with primary physical custody to the mother and certain parental access to the father. The stipulation provided, inter alia, that, if any party consistently violated the stipulation by denying access to the child, that action would be deemed a change in circumstances and the injured party could petition the Family Court for a change of custody.
In January 2018, the father filed a petition to modify the stipulation so as to award him sole custody of the child, based upon the mother's alleged violations of the stipulation in failing [*2]to comply with his parental access. The mother thereafter filed a petition seeking to modify the stipulation so as to award her sole custody of the child and to eliminate the father's weekday parental access. A hearing was held on both petitions. In an order dated October 15, 2020, the Family Court, inter alia, in effect, denied the father's petition. The father appeals.
Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child (see Baraz v Polyakov, 198 AD3d 853, 854; Sukul v Sukul, 196 AD3d 661, 662). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Cabano v Petrella, 169 AD3d 901, 902; see Eschbach v Eschbach, 56 NY2d 167, 171; Baraz v Polyakov, 198 AD3d at 854). "Inasmuch as custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings in this regard" (R.K. v R.G., 169 AD3d 892, 894), and "[t]he court's findings will not be disturbed unless they lack a sound and substantial basis in the record" (id. at 894; see Eschbach v Eschbach, 56 NY2d at 173-174; Sukul v Sukul, 196 AD3d at 662).
Here, the mother's admitted violations of the stipulation of settlement in failing to comply with the provisions concerning the father's parental access established a sufficient change in circumstances to permit the father to seek sole custody under the terms of the stipulation (see Matter of Epstein v Soler-Epstein, 188 AD3d 1052, 1053). However, the father failed to establish that such a change of custody would be in the best interests of the child.
"Parental alienation of a child from the other parent, including willful interference with his or her [parental access] rights, is 'an act so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as custodial parent'" (E.V. v R.V., 165 AD3d 736, 737, quoting Entwistle v Entwistle, 61 AD2d 380, 384-385; see Pandis v Lapas, 176 AD3d 837, 839). Here, however, while the mother failed to comply with the father's parental access on multiple occasions, many of the other violations alleged by the father appear to have been caused by the parties' confusion over the parental access schedule, which was remedied when the parties agreed to a specific schedule of alternate weekends during the proceedings. The child wished to continue her parental access time with the father, undermining the father's claim of alienation. Moreover, the father's own actions, including his failure to exercise four weeks of extra parental access in the summer of 2019, which he was awarded in settlement of his separate violation petition, contributed to the father's failure to have more parental access with the child and any resulting alienation.
Furthermore, the child had always lived primarily with the mother, and wished to continue to do so, and the father had been uninvolved with the child's medical appointments and schooling. While a child's expressed preference is not determinative, it is some indication of what is in the child's best interests (see Matter of Masiello v Milano, 180 AD3d 683, 685). Maintenance of status quo, while also not decisive, is a positive value entitled to great weight (see Matter of Newton v McFarlane, 174 AD3d 67, 82). Finally, although the parties exhibited difficulty in effectively communicating concerning the child, the Family Court's determination that the parties' relationship was not so acrimonious so as to warrant a change of custody (cf. Paruchuri v Akil, 156 AD3d 712, 713), and that a change of custody would further inflame the relationship between the parents and not be in the child's best interests, was supported by a sound and substantial basis in the record.
The contention of the attorney for the child that the matter should be remitted to the Family Court for a reopened hearing on the mother's petition for sole custody of the child, and to determine whether the father should be awarded any parental access at all in light of new developments, is not properly before this Court, as neither the mother nor the child cross-appealed from that portion of the order which denied the mother's petition.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court