Matter of Cywiak v Packman (2023 NY Slip Op 01089)

Matter of Cywiak v Packman

2023 NY Slip Op 01089

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-09471
 (Docket Nos. V-3163-15/19B, V-3164-15/19B, V-3163-15/19C, V-3164-15/19C, V-4023-15/19C, V-4024-15/19C, V-4023-15/19D, V-4024-15/19D, V-4023-15/19E, V-4024-15/19E, V-4023-15/19G, V-4024-15/19G, V-4023-15/19H, V-4024-15/19H, O-3030-21, O-3030-21/21A)

[*1]In the Matter of Michael Maier Cywiak, appellant,
v
Michal Packman, respondent. (Proceeding No. 1.)
In the Matter of Michal Packman, respondent,
v
Michael Maier Cywiak, appellant. (Proceeding Nos. 2 and 3.)

Karen M. Jansen, White Plains, NY, for appellant.
Miller Zeiderman LLP, White Plains, NY (Lisa Zeiderman of counsel), for respondent.
Edward Lammers, Tarrytown, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated December 15, 2021. The order, insofar as appealed from, after a hearing, (1) granted those branches of the mother's petition which were to modify a so-ordered stipulation of custody dated November 9, 2016, so as to award her sole legal custody of the parties' children and to limit the father's parental access with the children to the extent of reducing his weekday parental access to one dinner every other Thursday and one telephone call or video conference call every other Wednesday, (2) denied those branches of the father's petition which were to modify the so-ordered stipulation of custody so as, in effect, to award the parties joint final decision-making authority and to award him additional parental access by equitably dividing school holidays and vacations, and (3) found that the father violated a temporary order of protection and directed that a two-year order of protection be issued directing the father, inter alia, to stay away from the mother's home except to pick up and drop off the children for court-ordered parental access.
ORDERED that the order is modified, on the law and the facts, (1) by deleting the provision thereof directing that the father shall have dinner with the children within five miles of the mother's home every other Thursday, commencing directly after school or camp until 6:00 p.m., subject to the parties' vacation, holiday, and birthday schedule, and substituting therefor a provision directing that the father shall have dinner with the children within five miles of the mother's home [*2]every Wednesday, commencing directly after school or camp until 6:00 p.m., subject to the parties' vacation, holiday, and birthday schedule, (2) by deleting the provision thereof directing that the father shall have a telephone call or video conference call with the children every other Wednesday, commencing at 6:00 p.m. for approximately 20 minutes, commenced by the mother, and substituting therefor a provision directing that the father shall have a telephone call or video conference call with the children every Monday and Thursday, commencing at 6:00 p.m. for approximately 20 minutes, commenced by the mother, (3) by deleting the provision thereof denying that branch of the father's petition which was to modify the so-ordered stipulation of custody so as to award him additional parental access by equitably dividing school holidays and vacations, and (4) by deleting the provisions thereof finding that the father violated a temporary order of protection and directing that a two-year order of protection be issued; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for an expedited hearing and a new determination thereafter of a school holiday and vacation parental access schedule.
The parties are the parents of twins born in 2014. Pursuant to a so-ordered stipulation of custody dated November 9, 2016 (hereinafter the so-ordered stipulation), the parties agreed to joint legal custody of the children, with the mother having final decision-making authority and physical custody of the children, and the father having certain parental access, including dinner each Wednesday, subject to certain scheduling. In May 2019, the father filed a petition to modify the so-ordered stipulation, inter alia, so as, in effect, to award the parties joint final decision-making authority and to award him additional parental access, including by equitably dividing school holidays and vacations. In September 2019, the mother filed a petition to modify the so-ordered stipulation, among other things, so as to award her sole legal custody of the children and to limit the father's parental access.
In an order dated September 20, 2019, the Family Court awarded the father a telephone call or video conference call with the children every Monday and Thursday, and on Sundays when he did not otherwise have parental access. The court issued a temporary order of protection dated December 9, 2020, directing the father, inter alia, to stay away from the mother and the children except for court-ordered parental access. The temporary order of protection was extended multiple times through January 31, 2022. In May 2021, the mother filed a petition alleging that the father violated the temporary order of protection.
By order of the Administrative Judge of the Ninth Judicial District dated June 28, 2021, these proceedings were transferred to the Supreme Court for disposition, with a directive that upon disposition they would sua sponte return to the Family Court. Following a hearing, the Supreme Court resolved the petitions in an order dated December 15, 2021. As relevant to this appeal, the court awarded the mother sole legal custody of the children, and modified the weekday parental access schedule so as to award the father dinner with the children every other Thursday and telephone or video conference calls with the children every other Wednesday, subject to certain restrictions. The court declined to disturb the vacation schedule so as to account for school holidays and vacations. In addition, the court found that the father violated the temporary order of protection by attending the children's soccer practice during the mother's parenting time on two occasions. Based on this finding, the court directed that a two-year order of protection be issued directing the father, inter alia, to stay away from the mother's home except to pick up and drop off the children for court-ordered parental access. The father appeals.
"Modification of a court-approved stipulation setting forth the terms of custody is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Baraz v Polyakov, 198 AD3d 853, 854; see Matter of Burke v Squires, 202 AD3d 784, 785). The parties do not dispute that there has been a sufficient change in circumstances subsequent to the issuance of the so-ordered stipulation such that modification is necessary.
Contrary to the father's contention, the Supreme Court did not err in awarding the mother sole legal custody of the children. "[J]oint custody is encouraged primarily as a voluntary [*3]alternative for relatively stable, amicable parents behaving in mature civilized fashion" (Braiman v Braiman, 44 NY2d 584, 589-590; see Matter of Gray v Tyson, 205 AD3d 720, 722). "A change from joint legal custody to sole custody by one parent is warranted where the parties' relationship is so acrimonious that it effectively precludes joint decision-making" (Matter of Schweizer v Jablesnik, 95 AD3d 1341, 1342 [internal quotation marks omitted]; see Matter of Connell-Charleus v Charleus, 192 AD3d 890, 891). Here, the record demonstrates that, based on the relationship between the parties, continued joint legal custody of the children was inappropriate (see Matter of Connell-Charleus v Charleus, 192 AD3d at 891; Paruchuri v Akil, 156 AD3d 712, 713). Further, there was a sound and substantial basis in the record for the court's determination that an award of sole legal custody to the mother was in the children's best interests (see Eschbach v Eschbach, 56 NY2d 167, 171-174; Matter of Bartholomew v Marano, 174 AD3d 893, 893-894).
However, the Supreme Court's determination to reduce the father's weekday parental access with the children to one dinner every other Thursday and one telephone call or video conference call every other Wednesday lacks a sound and substantial basis in the record. The evidence presented at the hearing does not support the conclusion that a reduction in the father's parental access is warranted to protect the best interests of the children (see Matter of Dunne v Dunne, 137 AD3d 1275, 1276). Accordingly, the court should not have reduced his weekday parental access with the children.
Furthermore, the Supreme Court should not have denied that branch of the father's petition which was to modify the so-ordered stipulation so as to award him additional parental access by equitably dividing school holidays and vacations. The so-ordered stipulation was entered into when the children were less than three years old, and did not take into account school holidays and vacations. Accordingly, the court should have modified the parental access schedule to account for school holidays and vacations (see generally Matter of Gregoire v Yadram, 177 AD3d 616, 619).
Finally, the Supreme Court erred in finding that the father violated the temporary order of protection by attending two of the children's soccer practices. The so-ordered stipulation provided each parent with the right to attend "all organized . . . events in which the [c]hildren participate." The temporary order of protection allowed the father to be near the children and the mother during court-ordered parental access. The mother failed to establish that soccer practice was not an organized event contemplated by the so-ordered stipulation. Thus, the father did not violate the terms of the temporary order of protection by attending the children's soccer practices. Since no other basis was provided for directing the issuance of a two-year order of protection (cf. Family Ct Act § 656), the court should not have directed that it be issued.
The father's remaining contentions are either unpreserved for appellate review and, in any event, without merit, or without merit.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court