D.G. v N.G. (2024 NY Slip Op 51688(U))

[*1]

D.G. v N.G.

2024 NY Slip Op 51688(U)

Decided on December 6, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 6, 2024
Supreme Court, Westchester County

D.G., Plaintiff,

against
N.G., Defendant.

Index No. XXXXX

Plaintiff, Pro Se
Defendant, Peter K. Nardone, Esq., Law Offices of Peter K. Nardone, 118 N. Bedford Road, Suite 100, Mount Kisco, New York 10549
Attorney for the Child, Marilyn S. Faust, Esq., 4 Country Club Dr, Larchmont, New York 10538

James L. Hyer, J.

The following documents were considered in connection with the Order to Show Cause of Plaintiff, dated October 25, 2024, (hereinafter "Motion Sequence # 10"), seeking the entry of an Order granting the following relief:
1. Giving the Father Monday and Tuesday parenting time from 4:00 p.m. until 8:00 p.m. and every other weekend Friday at 4:00 p.m. until Sunday at 6:00 p.m. (including sleepover);
2. The Mother shall drop off at the Eastchester Police Department at 4:00 p.m., and Father shall drop off at 8:00 p.m. at the Mother's residence, [ ], on Mondays and Tuesday and every other Sunday;
3. After a month of transitioning to this time schedule we will transition to a traditional 50/50 schedule, the Father having Monday and Tuesday with alternating weekends starting on Friday, the Mother will have Wednesday and Thursday; and
4. Granting such other and further relief as may be just, proper and equitable;
5. And in connection with the Cross Motion filed by Attorney for the Child on November 4, 2024, (hereinafter "Motion Sequence No. 11"), seeking the entry of an Order:Denying and/or dismissing the Plaintiff's Order to Show Cause in its' entirety which in seeks the following relief: a) unsupervised parental visitation on Monday and Tuesday from 4:00 p.m. until 8:00 p.m. with every other weekend from Friday to Sunday (including sleep-overs); b) drop off for visitation at the Police Station; and c) after a month, a 50/50 [*2]visitation schedule.
6. Denying and/or dismissing the Plaintiff's Order to Show Cause in its' entirety for: a) failure to submit an Affidavit simultaneously with the OSC; b) his failure to comply/obey with prior Court Orders, which remain in full force and effect, setting forth parameters for reunification therapy and eventual unsupervised visitation; c) failure to pay the second reunification therapist, Dr. M.A., as Ordered several times by this Court; d) failure to confer and meet to choose a new visitation supervisor; and e) failure to show any change in circumstances since the last Court Visitation Order On Consent to change the existing Court Orders.
For such other and further relief as this Court may deem just and proper.
PAPERS DOC. NO.
Order to Show Cause/Affidavit of Plaintiff 1-2
Notice of Cross Motion/Affirmation of Attorney for Child
Exhibits A-N 3-18
Affidavit of Defendant 19
Affidavit of Plaintiff 20
Notice of Rejection 21
Amended Affidavit of Plaintiff (with signature) 22
Relevant Factual and Procedural Background
On June 16, 2019, this matrimonial action was commenced with the filing of a Summons with Notice.
During the course of this action, the parties entered into various stipulations memorialized by Court Transcripts, including the following: (1) Court Transcript, dated August 4, 2021 (NYSCEF Doc. No. 13); (2) Court Transcript, dated May 30, 2023 (NYSCEF Doc. No. 118); (3) Court Transcript, dated August 18, 2023 (NYSCEF Doc. No. 156); (4) Court Transcript, dated October 11, 2023 (NYSCEF Doc. No. 204); (5) Court Transcript, dated November 16, 2023 (NYSCEF Doc. No. 208) (hereinafter collectively "Settlement Stipulations").
On March 1, 2024, a Judgment of Divorce (NYSCEF Doc. No. 234) (hereinafter "Judgement of Divorce") was entered which included the following provisions:
"ORDERED AND ADJUDGED that custody, access and decision-making with respect to the unemancipated child of the parties, to wit, N.G., born on [ ] (the "Child") shall be in accordance with the terms of the Settlement Stipulations of August 4, 2021, May 30, 2023, and August 18, 2023, with Defendant having physical custody of the Child, the parties having joint legal custody of the Child and the parties to have access with the Child as set forth in the Settlement Stipulations."
* * *
ORDERED AND ADJUDGED that the Settlement Stipulations, copies of which has heretofore been e-filed, shall be incorporated in this Judgment of Divorce by reference and shall survive and shall not be merged in this Judgment of Divorce, and the parties are hereby directed to comply with all legally enforceable terms and conditions of the Stipulation of Settlement as if such terms were set forth in their entirety herein, and this [*3]Court retains jurisdiction of the matter, concurrent with the Family Court, for the purposes of specifically enforcing such of the provisions of the Stipulation of Settlement as are capable of specific enforcement, to the extent permitted by law, and of modifying such judgment to the extent permitted by law, or both; and it is further" On March 5, 2024, a Notice of Entry of the Judgment of Divorce was filed (NYSCEF Doc. No. 237).
On March 15, 2024, Plaintiff's counsel submitted on consent a proposed Order (NYSCEF Doc. No. 246), which was entered by the Court (NYSCEF Doc. No. 247) (hereinafter "Custody Order"), which included the following:
WHEREAS, the Plaintiff having appeared with his counsel, John Guttridge, Esq. of Guttridge & Cambareri, P.C.; and the Defendant having appeared with her counsel, Clifford M. Solomon, Esq., of Solomon Law P.C.; and the attorney for the child having appeared, Marilyn S. Faust, Esq.; and
WHEREAS, counsel have appeared before this Court for a Conference on March 12, 2024, wherein counsel and parties reached an agreement as to the manner in which parenting time would proceed; and
NOW, after examination and inquiry into the facts and circumstances of this case, and the report of Dr. M.A. dated March 6, 2024 as supplemented by this e-mail of Dr. M.A. dated March 6, 2024, IT IS HEREBY,
ORDERED, that commencing on March 13, 2024 the Plaintiff shall have paternal access with the subject child, N.G. for reunification therapy, at a local arcade in Mt. Kisco or other site selected by Dr. M.A. with the input of the parties, such access shall be supervised by Dr. M.A. and shall be as agreed and arranged by the parties and Dr. M.A.; and it is further
ORDERED, that provided Dr. M.A. determines that the session at said arcade on March 13, 2024 went well, during the month of April 2024, the Plaintiff shall have access for reunification therapy with the subject child at said arcade or other site selected by Dr. M.A. with the input of the parties for half of the access periods and at Dr. M.A.'s office for the other half of the access periods, such access shall be as previously agreed and arranged by the parties and Dr. M.A.; and it is further
ORDERED, that commencing on May 1, 2024, the parties shall transition to Plaintiff having supervised visitation with the subject child two (2) times per week, under the supervision of C.C., a supervised visitation expert agreed to by the parties, or if C.C. is unavailable, to another supervised visitation expert selected by C.C., with each supervised visit being no longer than three (3) hours in length and reunification therapy shall be reduced with Dr. M.A. in May 2024 to two (2) sessions, one being a joint session with the Plaintiff and the subject child and the other being a split session, one-half with the Plaintiff and the other half with the subject child; and it is further
ORDERED, that if Dr. M.A. determines that supervised visitation went smoothly in May 2024, then supervised visitation shall continue thereafter as in May 2024 and reunification therapy shall be reduced to one split session, one-half with the Plaintiff and the other half with the subject child, in June 2024 and thereafter; and it is further
ORDERED, that this Interim Order hereby supplements any prior Order that has been entered by this Judge with respect to Plaintiff having access with the subject Child; and it [*4]is further
ORDERED, that this Interim Order shall remain in effect until the further order of the Court and/or subsequent agreement in writing by the parties."
On March 19, 2024, Plaintiff's counsel filed a Notice of Entry of the Custody Order (NYSCEF Doc. No. 248).
On May 21, 2024, Plaintiff's counsel submitted on consent a proposed Order (NYSCEF Doc. No. 284), which was entered by the Court (NYSCEF Doc. No. 247) (hereinafter "Custody Order No.2"), which included the following:
"WHEREAS, the Plaintiff having appeared with his counsel, Scott Stone, Esq. of counsel to Guttridge & Cambareri, P.C.; and the Defendant having appeared with her counsel, Clifford Solomon, Esq. of Solomon Law P.C.; and the attorney for the child having appeared, Marilyn S. Faust, Esq.; and
WHEREAS, counsel have appeared before the Court for a Conference on April 12, 2024 with respect to a motion by Defendant concerning the apportionment of the payment of C.C., the then appointed access supervisor for in person visits by Plaintiff with N.G. (D.O.B. XX/XX/XXXX), the child of the parties and
NOW, after examination and inquiry into the facts and circumstances of this case, IT IS HEREBY,
ORDERED, that D.F., a clinical social worker and therapist, whose office is located at [ ], and whose telephone number is [ ], is herein appointed to provide social work services as follows:
ORDERED, that D.F., LCSW shall supervise in person visits between Plaintiff and the subject child, N.G. The visits shall take place at a time and location agreed upon by the parties (taking into the consideration the child's school schedule) and at the discretion of the social worker in accordance with the prior Interim Order of this Court dated March 15, 2024; and it is further
ORDERED, that compensation for said court appointed services and court appearances rendered in accordance herewith shall be paid pursuant to Section 35 of the Judiciary Law and under Section 722-C of the County Law, at the rate of $125 per hour for all sessions, to a statutory maximum of $3,000.00 with additional hours to be considered upon request prior to incurring such additional hours via an Affidavit by the social worker demonstrating that extraordinary circumstances exist requiring a supplemental amount exceeding the statutory cap; and it is further
ORDERED, that to the extent D.F., LCSW, is not paid pursuant to Section 35 of the Judiciary Law and under Section 722-C of the County Law, the Defendant shall not be responsible for making payments for the visitation; and it is further
ORDERED, that if it is anticipated that the services ordered herein may exceed the statutory maximum, then a supplemental request on notice to the Court shall be made for additional compensation prior to the expenditure of time. Only upon a written showing of extraordinary circumstances will via an affidavit as set forth above compensation be awarded in excess of the statutory limits; and it is further
ORDERED, that D.F. will provide the Court and Dr. M.A. with written reports as to how visitation is proceeding, and Dr. M.A. will provide his insight and guidance if necessary; and it is further
ORDERED, that this Order hereby supersedes the prior Order of this Court to the extent of replacing C.C. as the then appointed access supervisor for in person visits by plaintiff with the N.G.; and it is further
ORDERED, that this Order shall remain in effect until the further order of the Court and/or a subsequent agreement in writing by the parties."
On May 30, 2024, Plaintiff's counsel filed a Notice of Entry of Custody Order #2 (NYSCEF Doc. No. 290).
On October 2, 2024, Plaintiff as a self-represented litigant filed Motion Sequence #10 (NYSCEF Doc. No. 309). While Plaintiff's Order to Show Cause referenced an Affidavit of Plaintiff and exhibits attached thereto, no such affidavit or exhibits were attached to the motion. Instead, on November 1, 2024, Plaintiff filed his Affidavit in Support of Motion Sequence #10 (NYSCEF Doc. No. 328).
On October 9, 2024, Defendant's counsel filed a motion seeking leave of the Court to be relieved (NYSCEF Doc. Nos. 310-313) (hereinafter "Motion Sequence No. 9"), which on October 3, 2024, was conformed (NYSCEF Doc. No. 314), directing: (1) the return date for Motion Sequence No. 9 to be October 11, 2024, at 10:00 a.m., at which time all parties and counsel were required to appear and wherein a briefing schedule would be set if needed; and (2) service was directed to be completed by October 4, 2024.
On October 11, 2024, a Decision and Order (NYSCEF Doc. No. 318) was entered pertaining to Motion Sequence No. 9, granting Defendant's then counsel leave to withdraw and appointing Defendant's current 18-B counsel.
On October 25, 2024, Motion Sequence No. 10 (NYSCEF Doc. No. 324) was conformed directing: (1) a return date of November 15, 2024 for Motion Sequence No. 10; (2) that Motion Sequence No. 10 be served by October 28, 2024; (3) that opposition submissions and/or cross motions be filed and served by November 8, 2024; (4) that any oppositions submissions to cross motions be filed and served by November 15, 2024, being the return date for Motion Sequence No. 10 and any cross motions, with no reply submissions being accepted; and (5) that Marilyn Faust, Esq., be appointed as the Attorney for the Child.
On October 25, 2024, an Order Appointing Marilyn Faust, Esq., as Attorney for the Child (NYSEF Doc. No. 325) was entered.
On November 4, 2024, the Attorney for the Child filed Motion Sequence No. 11 (NYSCEF Doc. Nos. 329-344).
On November 6, 2024, Defendant's counsel filed submissions in opposition to Motion Sequence No. 10, and in support of Motion Sequence No. 11 (NYSCEF Doc. Nos. 346-347).
On November 11, 2024, Plaintiff filed a submission in opposition to Motion Sequence No. 11 (NYSCEF Doc. No. 348) (hereinafter "Plaintiff's Response").
On November 12, 2024, Defendant's counsel filed a Notice of Rejection (NYSCEF Doc. No 349).
On November 13, 2024, Plaintiff filed a signed document with content almost identical to Plaintiff's Response (NYSCEF Doc. No. 350).
Parties Contentions
The following three lines were set forth within Plaintiff's Affidavit submitted in support of his instant application:
"I believe the Court should grant my motion because I have shown to be a loving and [*5]caring father. I have all my parental rights. My daughter is being denied a living relationship with her father and all extended family." (see NYSCEF Doc. No. 328 ¶ 2)
In opposition to the relief sought by Plaintiff and in support of her Cross Motion, the Attorney for the Child argues that while the Plaintiff has had the opportunity to reunite with the Child, his own conduct prevented successful reunification:
"Each and every time, when progress was being made but Plaintiff didn't agree with that progress, that therapy or that therapist, he abruptly stopped the reunification therapy. To be perfectly blunt, he never considered the sudden effect of this conduct on N.G.-first she sees her Father and slowly begins to reunite (enjoy his company) and then he stops all contact with her. Then, many months later, he against starts contacts with her through reunification therapy and, when therapy begins working, stops it against because: a) he won't pay the therapist; b) he didn't like the supervisors that he and his attorney picked; and/or c) he had problems with the supervisors." (see NYSCEF Doc. No. 330 ¶ 4)
The Attorney for the Child further asserts that as her client has not communicated with Plaintiff for a long time and does not want to see him again, granting Plaintiff his requested relief would be harmful to the Child. She further asserts that if Plaintiff truly wanted to reunite with the Child, he would have complied with Court Orders and that his own conduct sabotaged the goal of re-establishing a relationship with his daughter.
The Attorney for the Child also seeks denial of Plaintiff's requested relief based upon his failure to submit his Affidavit in Support simultaneously with Motion Sequence No. 10, his failure to comply with prior Court Orders, failure to pay the second reunification therapist as directed in Court Orders, failure to show any change in circumstances since the last Court Visitation Order.
Defendant's Affidavit indicates that she opposes the relief sought by Plaintiff and supports the relief sought by the Attorney for the Child in the Cross Motion filed. Defendant echoes the contentions of the Attorney for the Child, asserting that Plaintiff's own conduct has resulted in the present situation:
"3. For the sake of brevity, I will simply state here that Ms. Faust accurately sets forth the history of the relevant visitation issues in this matter, D.G. has not exercised the supervised access granted him in this Court's prior orders.
4. As explained in Ms. Faust's affirmation, D.G. has failed to pay Dr. M.A. the fees he is owed in connection with the reunification therapy that was ordered by this Court with the consent of the parties. See exhibit "E" to Ms. Faust's cross motion (see NYSCEF doc. #141).
5. Plaintiff rejected the Court's appointment of C.C. of [ ] to supervise reunification. The Court then appointed D.F. to supervise visits. After one or two sessions, D.F. asked to be relieved, which she was by this Court's Order dated July 2, 2024. The Court also directed counsel for the parties to meet and agree upon a new supervisor. See exhibit "J" to Ms. Faust's cross motion (see NYSCEF doc. #294). Plaintiff's counsel was subsequently relieved; and no new supervisor has ever selected.
6. In closing, Plaintiff's failure to follow this Court's orders is the only reason that he has not had access with the child. Moreover, he alleges no change in circumstances to warrant the unsupervised access that he is requesting." (see NYSCEF Doc. No. 346 ¶¶ 3-6)
In opposition to the Cross Motion, Plaintiff acknowledged his failure to provide any basis for his requested custody modification in his Motion, "I am asking for 50/50 custody with due reason I did not explain it in my affirmation because I thought I would be understood. My explanation is as follows" (see NYSCEF Doc. No. 350 ¶ 2). Plaintiff asserts that he has never failed to comply with Court Orders and that Defendant has ignored agreements. Plaintiff asserts that he entered into agreements and reunification therapy with Dr. M.A. under duress and that his then attorney was poorly informed about Dr. M.A. whom he referred to as a "overpriced babysitter" (see NYSCEF Doc. No. 350 ¶ 3). Plaintiff asserts that there is no reason for him to have supervised visits with his child and noted, "I have been engaged as much as I have been allowed and without having to live out a lie just for satisfaction purposes" (see NYSCEF Doc. No. 350 ¶ 9).
LEGAL ANALYSIS
A. Rules of the Chief Administrative Judge § 130-1.1a
Pursuant to the Rules of the Chief Administrative Judge § 130-1.1a:
"(a) Signature. Every pleading, written motion, and other paper, served on another party or filed or submitted to the court shall be signed by an attorney, or by a party if the party is not represented by an attorney, with the name of the attorney or party clearly printed or typed directly below the signature. Absent good cause shown, the court shall strike any unsigned paper if the omission of the signature is not corrected promptly after being called to the attention of the attorney or party.
(b) Certification. By signing a paper, an attorney or party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, (1) the presentation of the paper or the contentions therein are not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom, and (ii) the matter was not obtained in violation of Part 1200. Rule 4.5 of this Title."
Here, Plaintiff's Response was initially submitted unsigned, but following Defendant's Notice of Rejection, Plaintiff filed another response in a slightly altered format with substantive modifications and his signature. Due to the extreme importance of carefully evaluating custody applications, the Court has reviewed the signed submission in making a determination with respect to the instant applications with the limitations set forth below.
B. New Arguments Raised In Plaintiff's Response
"Defendants' reply papers could not serve to supplement their initial moving papers inasmuch as it is well established that [t]he function of [reply papers] is to address arguments made in opposition to the position taken by the movant[s] and not to permit [them] to introduce new arguments in support of the motion" (Gross v. Herz Local Edition Corp., 72 AD3d 1518 [4th Dept 2010], quoting Paul v. Cooper, 45 AD3d 1485 [4th Dept 2007]).
Here, to the extent that Plaintiff's Response was accepted, either in opposition to the Cross-Motion or in Reply (despite the briefing schedule not permitting any Reply submissions), Plaintiff is not permitted to supplement his initial moving papers with new arguments in support of the requested relief. Plaintiff's Response acknowledges that he provided no explanation for the relief sought in his Motion in chief but seeks to provide his explanations in his Response.
Based upon the foregoing, the Court cannot consider any of the arguments set forth in Plaintiff's Response which constitute new arguments in support of Plaintiff's requested relief. The Court will however consider Plaintiff's arguments made in opposition to the Cross Motion.
C. Request for Modification of Custody Order
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child (Baraz v. Polyakov, 198 AD3d 853, [2d Dept 2021]; see also, Sukul v. Sukul, 196 AD3d 661, [2d Dept 2021]). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Burke v. Squires, 202 AD3d 784 [2d Dept 2022]).
"Priority in custody disputes should usually be given to the parent who was first awarded custody by the court or to the parent who obtained custody by voluntary agreement" (White v. Mazzella—White, 84 AD3d 1068 [2d Dept 2011]). "Where possible, custody should be established on a long-term basis, 'at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian' " (Jackson v. Jackson, 31 AD3d 386 [2d Dept 2006], quoting Obey v. Degling, 37 NY2d 768 [1975]).
"Factors to be considered include the relative fitness of the parents, the quality of the home environment, the parents' financial status, the parental guidance given to the child, the ability of each parent to provide for the child's emotional and intellectual development, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Hogan v. Hogan, 71 NY.S.3d 601 [2d Dept 2018]). "Furthermore, in determining custody, while the express wishes of children are not controlling, they are entitled to great weight, especially where their age and maturity would make their input particularly meaningful" (Canella v. Anthony, 4 N.Y.S.3d 533 [2d Dept 2015]).
"A noncustodial parent seeking a change of custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant a hearing" (Stock v. Stock, 108 AD3d 663 [2d Dept 2013], quoting McNally v. McNally, 28 AD3d 526 [2d Dept 2006]).
Here, Plaintiff failed to make an evidentiary showing sufficient to warrant a hearing as Plaintiff failed to allege any facts indicating that a substantial change in circumstances has occurred since the entry of the last custody order pertaining to the Child. Notably, even if the Court were to consider Plaintiff's arguments improperly asserted, the Court's determination made herein would remain. Therefore, the Court has no alternative but to deny the relief sought by Plaintiff and grant the relief sought within the Cross Motion.
D. Request for Other Relief
To the extent relief requested has not been granted or otherwise addressed herein it is denied.
* * *
Based upon the foregoing, it is hereby
ORDERED that Motion Sequence No. 10 is denied; and it is further
ORDERED that Motion Sequence No. 11 is granted; and it is further
ORDERED that Defendant's counsel shall serve via e-mail this Decision and Order with Notice of Entry on all counsel and self-represented parties of record, by December 15, 2024, and shall file same with an Affidavit of Service by December 15, 2024; and it is further
ORDERED that to the extent any relief sought has not been granted, it is expressly denied.
The foregoing constitutes the Decision and Order of the Court. 
Dated: December 6, 2024
White Plains, New York
ENTER:
_________________________________________
HON. JAMES L. HYER, J.S.C.
To: All Counsel and Self-Represented Parties of Record Via NYSCEF