Matter of Sookchan v Bibi Sookchan (2025 NY Slip Op 00228)

Matter of Sookchan v Bibi Sookchan

2025 NY Slip Op 00228

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-01742
 (Docket No. V-5784-20)

[*1]In the Matter of Kenneth Sookchan, respondent,
v
Bibi Sookchan, appellant. Jennifer A. Arditi, Maspeth, NY, for appellant.

The Law Offices of Joseph S. Gulino, Jr., Esq., PLLC, White Plains, NY, for respondent.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated February 15, 2022. The order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and residential custody of the parties' child and, in effect, granted that branch of the father's motion which was to hold the mother in contempt.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are married, are the parents of one child, born in 2016. In June 2019, in the parties' matrimonial action, they entered into a stipulation of settlement, which, among other things, provided that they would have joint legal custody of the child, that the mother would have residential custody and final decision-making authority, and that the father would have certain parental access. Thereafter, in June 2020, the Supreme Court dismissed the matrimonial action because the parties failed to submit certain documents.
In September 2020, the father filed a petition in Family Court, seeking sole legal and residential custody of the child on the grounds, inter alia, that the mother failed to consult with him on major decisions regarding the child and to produce the child for parental access with the father despite a court order requiring that she do so. In January 2021, the father moved, among other things, to hold the mother in contempt for her failure to comply with certain temporary parental access orders and an order directing a forensic evaluation.
Following a hearing, the Family Court, inter alia, granted the father's petition for sole legal and residential custody of the child and, in effect, granted that branch of the father's motion which was to hold the mother in contempt. The mother appeals.
Contrary to the mother's contentions, the Family Court correctly applied the standard for an initial custody determination instead of requiring a change of circumstances for a modification [*2]of a prior custody determination (see Stone Mtn. Holdings, LLC v Spitzer, 119 AD3d 548, 549; Newman v Newman, 245 AD2d 353, 354).
"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Romero-Flores v Hernandez, 214 AD3d 882, 882; see Matter of Haase v Jones, 230 AD3d 774, 777; Matter of Mazo v Volpert, 223 AD3d 907, 908-909). "In determining the child's best interests, the court must consider, among other things, '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Soto v Marrero, 214 AD3d 814, 815, quoting Matter of Brisard v Brisard, 211 AD3d 838, 838). "'[T]he existence or absence of any one factor,' however, is not 'determinative,' since custody and parental access determinations must be made based on the 'totality of the circumstances'" (Matter of Haase v Jones, 230 AD3d at 777, quoting Matter of Sajid v Berrios-Sajid, 73 AD3d 1186, 1187). "The credibility findings of the Family Court after a hearing on the issue of custody will be accorded great weight on appeal, and its determinations regarding custody and parental access will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of McFarlane v Jones, 193 AD3d 936, 936).
"'Joint custody is encouraged as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion. However, joint custody is inappropriate where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child'" (Matter of Haase v Jones, 230 AD3d at 777, quoting Matter of Martinez v Gaddy, 223 AD3d 816, 818). Here, the record demonstrates that the mother refused to communicate with the father and had a history of making false allegations against him following the parties' court appearances and his parenting time with the child. Accordingly, "[s]ince the record establishes that the nature of the parties' relationship effectively precluded joint decision-making, there is no basis to disturb the court's determination that joint custody was inappropriate" (id. at 778; see Matter of Martinez v Gaddy, 223 AD3d at 818).
In addition, the Family Court did not err in awarding sole legal and residential custody of the child to the father. "'[A] child's best interests generally lie in her or him being nurtured and guided by both natural parents'" (Matter of Haase v Jones, 230 AD3d at 778, quoting Matter of Luke v Erskine, 222 AD3d 868, 870). However, "'[p]arental alienation of a child from the other parent, including willful interference with his or her parental access rights, is an act so inconsistent with the best interests of the child[ ] as to, per se, raise a strong probability that the offending party is unfit to act as custodial parent'" (id., quoting Matter of Burke v Squires, 202 AD3d 784, 785-786). Here, the record establishes that the mother repeatedly refused to produce the child for visitation with the father, in violation of court orders. The mother's actions raised a strong inference that she was unfit to act as the child's custodial parent (see id.; Matter of Luke v Erskine, 222 AD3d at 871; Matter of Burke v Squires, 202 AD3d at 785-786).
"Nonetheless, 'a finding of parental interference or alienation' only constitutes 'one fact, albeit an important one, in determining the best interests of the child'" (Matter of Haase v Jones, 230 AD3d at 778-779, quoting Matter of Luke v Erskine, 222 AD3d at 871). Here, other factors also support an award of sole legal and residential custody of the child to the father, including the father's relative ability to promote stability in the child's life and to provide adequate care for the child (see id. at 779). Additionally, the parties' testimony indicated that the father was more willing than the mother to assure meaningful contact between the child and the other parent (see id.; Matter of McFarlane v Jones, 193 AD3d at 937).
The Family Court also properly drew a negative inference against the mother with respect to the circumstances of her failure to submit to the court-ordered forensic evaluation (see Treanor v Treanor, 192 AD3d 944, 945).
Based on the foregoing, the Family Court's determination to award the father sole legal and residential custody of the child is supported by a sound and substantial basis in the record [*3]and should not be disturbed (see Matter of Haase v Jones, 230 AD3d at 779).
The Family Court properly, in effect, granted that branch of the father's motion which was to hold the mother in contempt. The record establishes that unequivocal orders of the court required the mother to produce the child for parental access with the father and to participate in the forensic evaluation, that the mother disobeyed those orders, that the mother was aware of their terms, and that the father was prejudiced by the mother's conduct (see Perrone v Perrone, 229 AD3d 816, 817; Matter of Marotta v Marotta, 218 AD3d 468, 468; Penavic v Penavic, 109 AD3d 648, 649).
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court